# EXHIBIT C

Exhibit C

6/10/2019 2:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34242652
By: Joshua Hall
Filed: 6/10/2019 2:20 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| LYNDA SCOTT | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY *and* | § | |
| ESTANISLAO SANCHEZ, | § | |
| *Defendants*. | § | ____TH JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, LYNDA SCOTT (herein "Plaintiff") and files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (herein "Allstate") and ESTANISLAO SANCHEZ (herein "Sanchez"), collectively referred to as "Defendants," and respectfully shows this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES

2.   Plaintiff Lynda Scott is an individual residing in Harris County, Texas.

3.   Defendant Allstate is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of

Texas, in Harris County. Defendant Allstate may be served via its registered Attorney for Service: C T Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-3136.

4.        Defendant Sanchez is an individual residing in Houston, Texas who engages in the business of adjusting insurance claims in the State of Texas (Texas Adjuster License No. 1812246). The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Harris County. Defendant Sanchez may be served at 4920 Westway Park Blvd Suite 210, Houston, TX 77041, or wherever he may be found.

### III.    JURISDICTION

5.        The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.        The Court has jurisdiction over Defendant Allstate because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.        The Court has jurisdiction over Defendant Sanchez because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.    VENUE

8.        Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

---

## V.    FACTS

9.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy, with Policy No. 836263857, which was issued and sold by Allstate (hereinafter referred to as "the Policy").

10.     Plaintiff owns the insured property, which is specifically located at 3427 Shadowbark Dr, Houston, TX 77082 which is located in Harris County, Texas (herein "the Property").

11.     On or about October 23, 2017, a severe wind and lightning storm struck Harris County, Texas ("the Incident"). This storm caused substantial damage to buildings in the area, including Plaintiff's Property. On or about September 10, 2018, Plaintiff had an independent estimate conducted on the Property. Plaintiff's estimator found that the Property sustained substantial wind and lightning damage as a result of the Incident. Specifically, the composition shingle roof of Plaintiff's dwelling sustained extensive wind and lightning damage and requires *full replacement* along with the roof components, such as the continuous ridge vent, ridge cap, valley metal, drip edge, pipe jack flashing, roof vents, and exhaust caps. In addition, Plaintiff's estimator determined that the interior of the property sustained damage, requiring the removal and replacement of the front door, drywall, insulation, baseboards, a window, and windows stool and apron in the living room and breakfast area, and drywall, a French door, glass lite, baseboards, carpet, and carpet pad in the master bedroom. Finally, Plaintiff's estimator determined that pool equipment must be replaced, and a tree must be removed.

12.     Prior to the inspection conducted by Plaintiff's estimator, Plaintiff submitted a claim to Allstate against the Policy referenced in paragraph 9 for lightning and wind damage to the Property sustained as a result of the Incident, and her claim was assigned claim number 0479729039 by

Defendant Allstate ("the Claim"). Plaintiff asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

13.     Allstate acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

14.     Thereafter, Allstate assigned Mr. Estanislao Sanchez to inspect the Property and adjust the claim on its behalf. Sanchez was improperly trained and/or supervised, spent an inadequate amount of time assessing damages, and failed to perform a thorough evaluation of Plaintiff's claim. Overall, Sanchez conducted a substandard inspection of Plaintiff's Property. The inadequacy of Sanchez's inspection is clearly evidenced by his report, which failed to include and/or undervalued most of Plaintiff's covered damages. For example, Sanchez assessed lightning  wind damage to Plaintiff's appliances and wooden gate. However, Sanchez failed to inspect the remainder of the Property for wind and lightning damage, as he failed to assess plainly visible damage to the roof and interior. In short, Sanchez failed to assess many of Plaintiff's damages ("omitted damages"), despite the presence of clearly visible evidence of wind and lightning damage. Rather than a mere oversight, the conspicuous nature of the omitted damages strongly suggest that they were left off Sanchez's estimate in an unlawful attempt to underpay Plaintiff's claim. Alternatively, the omitted damages strongly support the finding that Sanchez spent an inadequate time scoping for damages, and conducted a haphazard, incomplete investigation of Plaintiff's claim. In addition to omitting and/or undervaluing Plaintiff's covered damages in his report, Sanchez underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy. Ultimately, Sanchez's estimate did not allow adequate funds to cover the cost of

repairs for all of the damages sustained by Plaintiff. Sanchez's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiff's claim being substantially undervalued and denied.

15.     Defendant Allstate failed to adequately train and supervise Sanchez, resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Allstate failed to thoroughly review and properly oversee the work of Sanchez, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Because of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was improperly adjusted and underpaid, resulting in damages to the Plaintiff.

16.     Together, Defendants Allstate and Sanchez set about to deny and/or underpay on properly covered damages. Defendants Allstate and Sanchez misrepresented to Plaintiff that Sanchez's estimate included all of Plaintiff's properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy; when, in fact, Sanchez's estimate failed to include most of Plaintiff's properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying full payment on Plaintiff's claim. As a result of the Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and underpaid, and Plaintiff has suffered damages. The mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to repair the Property and has likely resulted in further damages to the dwelling. To date, Plaintiff has yet to receive sufficient payment that she is entitled to under the Policy.

17.     As detailed in the paragraphs below, Defendants Allstate and Sanchez wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

18.     Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants Allstate and Sanchez misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate and Sanchez's conduct constitute violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants Allstate and Sanchez failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants Allstate and Sanchez failed to explain to Plaintiff the reasons for their denial of Plaintiff's full claim. Specifically, Defendants Allstate and Sanchez failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendants Allstate and Sanchez did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of

Defendants Allstate and Sanchez is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendant Allstate refused to fully compensate Plaintiff, under the terms of the Policy, even though Allstate and Sanchez failed to conduct a reasonable investigation. Specifically, Allstate and Sanchez performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Allstate and Sanchez constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.     Defendants Allstate and Sanchez knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26.     As a result of Defendants Allstate and Sanchez's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

# VI.   CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ESTANISLAO SANCHEZ

#### A.   NON-COMPLIANCE WITH TEXAS INS. CODE: UNFAIR SETTLEMENT PRACTICES

27.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

28.     During his investigation, Defendant Sanchez failed to properly assess Plaintiff's damages. Specifically, Defendant Sanchez spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy and substantially undervalued Plaintiff's properly covered damages. *See* supra ¶¶ 11, 14.

29.     Defendant Sanchez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

30.     Defendant Sanchez is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Allstate, because Defendant Sanchez is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).

31.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Sanchez's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to

conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Sanchez's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

32.     Defendant Sanchez's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

33.     The unfair settlement practice of Defendant Sanchez as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

34.     Defendant Sanchez's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35.     Defendant Sanchez did not properly inspect the Property and therefore failed to assess many of the Plaintiff's covered damages, although Plaintiff had reported the same to Defendant Sanchez. Defendant Sanchez's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

B.  DECEPTIVE TRADE PRACTICES ACT ("DTPA")

36.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

37.     An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. BUS. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 133-36 (Tex. 1988).

38.     Plaintiff is a "consumer" under the DTPA. TEX. BUS. & COM. CODE § 17.45(4).

39.     Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5).

40.      Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [...] any unconscionable action or course of action *by any person*" constitutes a producing cause of economic damages or damages for mental anguish. TEX. BUS. & COM. CODE § 17.50(a)(3) (emphasis added).

41.     In the instant matter, Defendant Sanchez clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. Specifically, Sanchez sought to use his superior knowledge, ability, experience, and/or capacity to deceive Plaintiff into believing that the damage sustained to the Property was limited to the appliances and fence; when, in fact, the damage was extensive and encompassed other areas of the Property, such as the roofing and interior. *See* supra ¶ 11, 14. Plaintiff relied on Sanchez's misrepresentations and suffered harm. Moreover, Plaintiff contends that Sanchez's conduct was done with "malice," as that term is construed under the Texas Civil Practice and Remedies Code.

42.     As the foregoing establishes, Defendant Sanchez is liable to Plaintiff under Section 17.50 of the DTPA.

**CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE**

43.     Defendant Allstate is liable to Plaintiff for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Sanchez's acts as Allstate's agent.

A.  **BREACH OF CONTRACT**

44.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

45.     Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

46.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is

mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

47.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

48.     Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the Policy, including the payment of the premium, constitutes a breach of Allstate's insurance contract with Plaintiff.

B.  Noncompliance with Texas Insurance Code: Unfair Settlement Practices

49.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

50.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

51.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex Ins. Code §541.060(a)(1).

52.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

55.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

56.     Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

57.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

---

58. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. REPONDEAT SUPERIOR

59. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

60. As referenced and described above, and further conduct throughout this litigation and lawsuit, Sanchez is an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61. Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Sanchez, including the completion of his duties under the common-law and statutory law.

### VII. KNOWLEDGE

62. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

63. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.   DAMAGES

64.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

65.     As previously mentioned, the damages caused by the October 23, 2017 lightning and windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

66.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

67.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

68.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as ten (10) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69.     For Defendant Sanchez's violation of the DTPA, Plaintiff is entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

70.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.   CONDITIONS PRECEDENT

71.     Plaintiff asserts that all conditions precedent to filing suit under the policy referenced in paragraph 9 have been met and fulfilled.

## X.   REQUESTS FOR DISCLOSURE

72.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants Allstate and Sanchez each disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure.

## XI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled.

Respectfully submitted this the 10th day of June, 2019.

**ARGUELLO LAW FIRM**
101 E Little York Rd. Ste. D
Houston, Texas 77076
Telephone: (281) 884-3960
Facsimile: (281) 884-3961


By: /s/ *Andres Arguello*
      Andres Arguello
      SBN: 24089970
      andres@defyoppression.com


COUNSEL FOR PLAINTIFF
LYNDA SCOTT

6/10/2019 2:20:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34242652
By: HALL, JOSHUA E
Filed: 6/10/2019 2:20:32 PM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   Court *(FOR CLERK USE ONLY)*: _____

STYLED Lynda Scott v. Allstate Vehicle and Property Insurance Company and Estanislao Sanchez

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Andres Arguello | Email:<br>Andres@defyoppression.com | Plaintiff(s)/Petitioner(s):<br>Lynda Scott | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>101 E Little York Rd. Ste. D | Telephone:<br>281-884-3960 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX  77076 | Fax:<br>281-884-3961 | Defendant(s)/Respondent(s):<br>Allstate Vehicle and Property Ins. Co.<br>and Estanislao Sanchez | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24089970 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| *Civil* | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☒Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| | *Probate & Mental Health* | | |
|---|---|---|---|
| **Tax** | *Probate/Wills/Intestate Administration* | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | ☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

6/10/2019 2:20:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34242652
By: HALL, JOSHUA E
Filed: 6/10/2019 2:20:32 PM

## CIVIL PROCESS REQUEST

> **FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.**
> **FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition and Requests for Disclosure

**FILE DATE OF MOTION:** June 10, 2019
_____
Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. **NAME:** Allstate Vehicle and Property Ins. Co.

   **ADDRESS:** 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136

   **AGENT,** (if applicable): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [X] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**                      [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication: [ ] **COURTHOUSE DOOR,** or
                           [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**************************************************************************************

****

2. **NAME:** Estanislao Sanchez

   **ADDRESS:** 4920 Westway Park Blvd., Ste. 210, Houston, TX 77041

   **AGENT,** (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [X] **CIVIL PROCESS SERVER** – Authorized Person to Pick-up: _____ Phone: _____
- [ ] **MAIL**                      [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication: [ ] **COURTHOUSE DOOR,** or
                           [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Andres Arguello          **TEXAS BAR NO./ID NO.** 24089970

**MAILING ADDRESS:** 101 E. Little York Rd. Ste. D, Houston, TX 77076

**PHONE NUMBER:** 281   884-3960          **FAX NUMBER:** 281   884-3961
_____   _____                              _____   _____
area code   phone number                           area code  fax number

**EMAIL ADDRESS:** andres@defyoppression.com

CIVCJGS Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

X  ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)

    MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
X  CITATION
   ALIAS CITATION
   PLURIES CITATION
   SECRETARY OF STATE CITATION
   COMMISSIONER OF INSURANCE
   HIGHWAY COMMISSIONER
   CITATION BY PUBLICATION
   NOTICE
   SHORT FORM NOTICE

   PRECEPT (SHOW CAUSE)
   RULE 106 SERVICE

   SUBPOENA

WRITS:
   ATTACHMENT (PROPERTY)
   ATACHMENT (WITNESS)
   ATTACHMENT (PERSON)

   CERTIORARI

   EXECUTION
   EXECUTION AND ORDER OF SALE

   GARNISHMENT BEFORE JUDGMENT
   GARNISHMENT AFTER JUDGMENT

   HABEAS CORPUS
   INJUNCTION
   TEMPORARY RESTRAINING ORDER

   PROTECTIVE ORDER (FAMILY CODE)
   PROTECTIVE ORDER (CIVIL CODE)

   POSSESSION (PERSON)
   POSSESSION (PROPERTY)

   SCIRE FACIAS
   SEQUESTRATION
   SUPERSEDEAS

CIVCJ08 Revised 9/3/99

7/1/2019 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34795506
By: DANIELLE JIMENEZ
Filed: 7/1/2019 11:40 AM

CAUSE NO.   201939804

RECEIPT NO.                    0.00      MTA
                  **********      TR # 73634535

| | |
|---|---|
| PLAINTIFF: SCOTT, LYNDA | In The   334th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | of Harris County, Texas |
| | 334TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
    (A FOREIGN INSURANCE COMPANY) MAY BE SERVED BY SERVING ITS
    REGISTERED ATTORNEY C T CORPORATION SYSTEM
    1999 BRYAN ST STE 900   DALLAS TX  75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

This instrument was filed on the 10th day of June, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of June, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
ARGUELLO, ANDRES A                       Harris County, Texas
101  E.LITTLE YORK RD. STE. D            201 Caroline, Houston, Texas 77002
HOUSTON, TX 77076                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 884-3960                      Generated By: HALL, JOSHUA EVERETT  GLH//11250714
Bar No.: 24089970

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____                    _____

                                  _____ of _____County, Texas

_____        By _____
        Affiant                                 Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                  _____
                                                Notary Public

N.INT.CITR.P              *73634535*

# 334th District Court of HARRIS County, Texas
201 CAROLINE, 14TH FL HOUSTON TX 77002

## CASE #: 201939804

**LYNDA SCOTT**


*Plaintiff*
**vs**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ESTANISLAO SANCHEZ**


*Defendant*

### AFFIDAVIT OF SERVICE

I, **TRACY JONES**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 06/28/19 12:35 pm, instructing for same to be delivered upon
Allstate Vehicle And Property Insurance Company By Delivering To Registered Agent, C
T Corporation System.

That I delivered to    : Allstate Vehicle And Property Insurance Company By
                         Delivering To Registered Agent, C T Corporation System. By
                         Delivering to Kim Hightower, Intake Specialist

the following          : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR
                         DISCLOSURE

at this address        : 1999 Bryan St Ste 900
                         Dallas, Dallas County, TX 75201

Manner of Delivery     : By PERSONALLY delivering the document(s) to the person
                         above.

Delivered on           : Friday June 28, 2019 2:52 pm


My name is TRACY JONES, my date of birth is July 15th, 1969, and my address is
Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX
75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas      County, State of Texas, on the 27th  day of
June     2019 .

                                        TRACY JONES                    Declarant
                                        2707

                         Texas Certification#: PSC-14958 Exp. 05/31/2020

                             PCP Inv#: D19600381
                             SO  Inv#: A19605059
                             Reference : SCOTT, LYNDA 6556
                         + Service Fee:   75.00
                           Witness Fee:    .00
                           Mileage Fee:    .00
AX02A19605059
tjones                                   Arguello, Andres
eaffidavits@pcpusa.net                                    **E-FILE RETURN**

7/3/2019 1:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34880254
By: DANIELLE JIMENEZ
Filed: 7/3/2019 1:32 PM

CAUSE NO.  201939804

RECEIPT NO.           0.00       MTA
          **********        TR # 73634513

PLAINTIFF: SCOTT, LYNDA
              vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The    334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: SANCHEZ, ESTANISLAO
    OR WHEREVER HE MAY BE FOUND
    4920  WESTWAY PARK BLVD SUITE 210   HOUSTON TX  77041
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

This instrument was filed on the 10th day of June, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 11th day of June, 2019, under my hand and
seal of said Court.

Issued at request of:
ARGUELLO, ANDRES A
101  E.LITTLE YORK RD. STE. D
HOUSTON, TX  77076
Tel: (281) 884-3960
Bar No.: 24089970

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: HALL, JOSHUA EVERETT  GLH//11250714

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                    _____

                                 _____ of _____County, Texas

_____      By _____
        Affiant                          Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                 _____
                                           Notary Public

N.INT.CITR.P            *73634513*

**DECLARATION OF NOT FOUND**
**(DUE DILIGENT SEARCH)**

## 334th District Court of HARRIS County

CASE #: 201939804

LYNDA SCOTT

VS.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ESTANISLAO
SANCHEZ

I, Stephen K Griffin, on the following dates, was over the age of 18 years and was
not a party to this action.

I received a CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE on
June 27, 2019. at 4:01 pm in Cause No. 201939804.

After due and diligent effort as set forth below I have been unable to effect
personal service upon Sanchez, Estanislao.

DATE/TIME                    ADDRESS / REASON FOR NON-SERVICE  PCP Ref# A19605058
--------------------------------------------------------------------------------
Tuesday      07/02/2019 15:52 pm 4920 Westway Park Blvd Ste 210 Houston TX 77041
             GOOD ADDRESS FOR BUSINESS, BUT THIS LOCATION DOES NOT ACCEPT SERVICE OF
             PROCESS.  CORRECT LOCATION FOR SERVICE IS REGISTERED AGENT: CT
             CORPORATION SYSTEM 350 N ST PAUL STREET DALLAS, TX. 75201

I, declare under penalty of perjury that the foregoing is true and correct.

Executed On: 7/2/2019

Stephen K Griffin
Cert#: PSC-13716 Expire: 02/29/2020

Service Fee $_____

Client: Arguello, Andres

PCP#: A19605058
E-FILE DUE DIL
eaffidavits@pcpusa.net

7/16/2019 8:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35147586
By: Hilda Yarn
Filed: 7/16/2019 8:41 AM

CAUSE NO. 201939804

| | |
|---|---|
| LYNDA SCOTT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 334TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and ESTANISLAO SANCHEZ, | HARRIS COUNTY, TEXAS |
| Defendants. | |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

**I. GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II. SPECIFIC DENIALS**

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Defendant files this answer subject to its verified Motion to Abate.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations

Scott vs. Allstate Vehicle and Property, et al.
Defendants' Original Answer and Request for Disclosure
0479729039.1

Page **1** of **4**

which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

### IV.  JURY DEMAND

Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

---

Scott vs. Allstate Vehicle and Property, et al.                                                                              Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0479729039.1

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Scott vs. Allstate Vehicle and Property, et al.
Defendants' Original Answer and Request for Disclosure
0479729039.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 16th day of July, 2019, to:

Attorney for Plaintiff Scott
Andres Arguello, Esquire
101 E. Little York Rd., Suite D
Houston, TX  77076

*VIA E-SERVE*

**MICHAEL MAUS**

Scott vs. Allstate Vehicle and Property, et al.

Defendants' Original Answer and Request for Disclosure

0479729039.1

Page **4** of 4

Case No. 201939804

**DCORX**

IN THE DISTRICT COURT OF

SCOTT, LYNDA

vs.

ALLSTATE VEHICLE AND PROPERTY

HARRIS COUNTY, TEXAS

334th   JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **08/10/20**   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
    (a) **08/10/20**   Experts for parties seeking affirmative relief.
    (b) **09/07/20**   All other experts.

3.   **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
    Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
    (a)   Total hours per side for oral depositions.
    (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
    (a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
    (b) **11/23/20**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
    (a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
    (b) **10/09/20**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
    (c)   Rule 166a(i) motions may not be heard before this date.

8. **10/09/20**   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **11/06/20**   **PLEADINGS.** All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
    Parties shall be prepared to discuss all aspects of trial with the court on this date.
    TIME:       Failure to appear will be grounds for dismissal for want of prosecution.

11. **12/07/20**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

ıılıılıٰlıٰlıııılıٰlıٰlıٰıılııٰlllıٰlıٰlllıٰlıٰlllٰlٰlllıٰlٰlٰl

MICHAEL CLIFTON MAUS
811 LOUISIANA ST STE 2400
HOUSTON TX 77002-1401

1

24008803

STEVEN KIRKLAND
Judge, 334TH DISTRICT COURT
Date Generated 07/18/2019

JCVO02D
rev.10272014

THE TRIAL DATE LISTED IN ITEM 11 ON THE FRONT OF THIS ORDER IS THE DATE YOUR TWO-WEEK DOCKET BEGINS. YOU WILL BE CONTACTED BY PHONE BY COURT PERSONNEL WITH AN EXACT DATE AND TIME TO APPEAR ONCE THE CASE IS ASSIGNED TO TRIAL.

FOR ADDITIONAL INFORMATION, COURT PROCEDURES AND A COPY OF THE STANDING ORDER IN LIMINE GOVERNING ALL JURY CASES, PLEASE REFER TO OUR WEBSITE AT WWW.JUSTEX.NET